IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Michael Hood, individually, and on behalf of all others similarly-situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>Uber Technologies, Inc, Rasier, LLC, and John Does I-V,<br><br>　　　　Defendants. | Civil Action No. 1:16-cv-00998-CCE-JLW<br><br>**Defendants' Motion to Dismiss Plaintiff's Class Action Complaint** |

COME NOW Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Raiser") (collectively, "Defendants"), by and through undersigned counsel, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and Local Rule 7.3, and file this Motion to Dismiss all claims in Plaintiff Michael Hood's ("Plaintiff") Class Action Complaint ("Complaint"), for failure to state a claim upon which relief can be granted and/or failing to satisfy the federal pleading standard. Even accepting the allegations in Plaintiff's Complaint as true, they fail to state any claim upon which relief can be granted under state or federal law.

Accordingly, Defendants move this Court to dismiss Plaintiff's Complaint in its entirety for its failure to state a claim upon which relief can be granted. The grounds for this motion are briefly summarized below, and fully set forth in the supporting brief filed contemporaneously herewith and fully incorporated as if it were contained herein. (*See also* Attach., Exhibit A to Declaration of Michael Colman.)

**Counts I and VIII:** As pled, Plaintiff cannot recover under North Carolina's Wage & Hour Act ("the North Carolina Act") because Plaintiff alleges that he and the putative class of drivers are "employees" of Defendants covered by the Fair Labor Standards Act ("FLSA")[1] (*see* Compl. ¶¶ 4, 6, 149-54), and any individual covered by the FLSA is expressly excluded from the North Carolina Act. In addition, Plaintiff's federal and state minimum wage and overtime claims also fail because Plaintiff has not pled sufficient facts to plausibly claim that he worked enough compensable time to reduce his hourly rate of pay below minimum wage, or result in him not receiving any overtime due.

**Count III:** Plaintiff's breach of contract claim should be dismissed because Plaintiff does not allege the existence of any contract mandating Uber to reimburse for employment-related expenses. Without an allegation that such a contractual obligation exists, there can be no claim for breach. As for his claims that Uber breached an implied contract related to tips, Plaintiff cannot prevail because an express contract already exists on this subject matter. Therefore, Plaintiff cannot pursue an implied contract claim for tips. Moreover, Plaintiff makes allegations that contradict the notion that there was an implied contract for tips. Finally, Plaintiff fails to plead sufficient facts to establish that he was a third-party beneficiary of an implied contract between Uber and Plaintiff's riders to pay tips; his allegations are conclusory, fail to allege that Plaintiff's riders had an obligation to pay a tip, and there is no allegation that such an implied contract would have been made for his direct benefit.

---

[1] Defendants accept the allegation that Plaintiff and the driver class he seeks to represent are "employees" of Defendants as true *only* for purposes of this motion. Otherwise, Defendants strongly dispute this allegation.

**COUNT IV:** Plaintiff's unjust enrichment claim should be dismissed because it is barred by his express contract with Rasier. In addition, Plaintiff's factual allegations do not state a plausible claim for unjust enrichment. Plaintiff does not allege that he or the drivers conferred tips (or, a benefit) on Uber. The tips Plaintiff alleges Uber retained were conferred by *riders*, not Plaintiff. Further, Plaintiff's unjust enrichment claim hinges on his allegation that Uber obtained tips and retained expenses by making "material misrepresentations," but misrepresentation is not an element of an unjust enrichment claim, and, regardless, Plaintiff's separate misrepresentation claims are also meritless.

**COUNT VII:** Plaintiff's promissory estoppel claim should be dismissed because North Carolina law does not recognize an affirmative cause of action for promissory estoppel. To the contrary, the Court of Appeals of North Carolina has explicitly stated that promissory estoppel is not an affirmative form of relief, but rather is limited to being a defense in cases involving relinquishment of a known right.

**COUNT II:** This claim must be dismissed in its entirety because it fails to satisfy the federal pleading standard. First, Plaintiff's tortious interference with contract claim must be dismissed because he fails to plead a plausible claim. Specifically, it is missing the critical allegation that an enforceable contract existed between him and his riders to pay him tips. Second, Plaintiff's tortious interference with business relations claim suffers from similar deficiencies. Plaintiff fails to plead allegations to substantiate the critical element of the claim that a valid contract would have been formed between Plaintiff and his riders absent Uber's interference.

- 3 -

Case 1:16-cv-00998-CCE-JLW   Document 13   Filed 09/21/16   Page 3 of 5

**COUNT VI:** Plaintiff alleges fraud, intentional misrepresentation, and negligent misrepresentation. Plaintiff's claims should all be dismissed because they are contract claims masquerading as tort claims which is improper because there is nothing distinct and identifiable about the claims as required by North Carolina law, and because they do not meet Rule 9(b)'s pleading standard. Further, Plaintiff's claims are insufficient to plead a plausible claim for relief because the Complaint contains no more than bare-bones allegations regarding surge fares and cancelation fees, with no allegations regarding any misrepresentation regarding those payments. The Complaint also contains no allegations supporting a claim of negligent misrepresentation.

**COUNT V:** Plaintiff's conversion claim fails to state a claim and should be dismissed because he cannot show he owned the gratuities he seeks, and because he cannot sufficiently identify those gratuities as required by North Carolina law. Nor could he, because his contract with Rasier makes clear the fare does not include any gratuity.

Dated: September 21, 2016

*/s/ Jerry H. Walters, Jr.*
Jerry H. Walters, Jr., N.C. Bar No. 23319
jwalters@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendants*
*Uber Technologies, Inc. and Rasier, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2016, I electronically filed the foregoing **Defendants' Motion to Dismiss Plaintiff's Class Action Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Paul R. Dickinson, Jr.
Lewis & Roberts, PLLC
One SouthPark Center
6060 Piedmont Row Drive South, Suite 140
Charlotte, NC  28287
Email: pauldickinson@lewis-roberts.com

Brittany S. Weiner
Imbesi Law PC
450 Seventh Avenue, Suite 1408
New York, NY  10123
Email: brittany@lawicm.com

Paul B. Maslo
Napoli Law PLLC
360 Lexington Avenue, 11th Floor
New York, NY  10019
Email: pmaslo@napolilaw.com

*Counsel for Plaintiff*

                                      */s/ Jerry H. Walters, Jr.*
                                      Jerry H. Walters, Jr., NC Bar No. 23319

                                      *Counsel for Defendants*
                                      *Uber Technologies, Inc. and Rasier, LLC*