# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Michael Hood, individually, and on behalf of all others similarly-situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>Uber Technologies, Inc, Rasier, LLC, and John Does I-V,<br><br>　　　　Defendants. | Civil Action No. 1:16-cv-00998-CCE-JLW<br><br>**Defendants' Partial Motion to Dismiss Plaintiff's First Amended Class Action Complaint** |

COME NOW Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Raiser") (collectively, "Defendants"), by and through undersigned counsel, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and Local Rule 7.3, and file this Partial Motion to Dismiss Plaintiff Michael Hood's ("Plaintiff") First Amended Class Action Complaint ("Amended Complaint"), for failure to state a claim upon which relief can be granted and/or failing to satisfy the federal pleading standard. Even accepting the allegations in Plaintiff's Amended Complaint as true, he fails to state any claim upon which relief can be granted under state or federal law.

Accordingly, Defendants move this Court to dismiss Counts I-VII in Plaintiff's Amended Complaint. The grounds for this motion are briefly summarized below, and fully set forth in the supporting brief filed contemporaneously herewith and fully incorporated as if it were contained herein.

**COUNT I:** As pled, Plaintiff's minimum wage, overtime, and record keeping claims under North Carolina's Wage & Hour Act ("the State Wage Act") must be dismissed because Plaintiff alleges that he and the putative class of drivers are "employees" of Defendants covered by the Fair Labor Standards Act ("FLSA")[1] (*see* Amended Compl. ¶ 208), and any individual covered by the FLSA is expressly excluded from the minimum wage, overtime, and record keeping provisions of the State Wage Act. In addition, Plaintiff's State Wage Act payday claim for employment expenses and tips is meritless because Defendants never promised to pay Plaintiff or any other drivers employment expenses, or to include tips in their fares received through the Uber App.

**COUNT IV:** Plaintiff's breach of contract claim should be dismissed. He claims that Uber breached an implied contract related to tips, but Plaintiff cannot prevail because an express contract already exists on this subject matter. Therefore, Plaintiff cannot pursue an implied contract claim for tips. Moreover, Plaintiff makes allegations that contradict the notion that there was an implied contract for tips. Finally, Plaintiff fails to plead sufficient facts to establish that he was a third-party beneficiary of an implied contract between Uber and Plaintiff's riders to pay tips; his allegations are conclusory and fail to sufficiently allege that Plaintiff's riders had a contractual obligation to pay a tip; and the allegations in the Amended Complaint show that Uber did not contract with riders to give drivers tips.

---

[1] Defendants accept the allegation that Plaintiff and the driver class he seeks to represent are "employees" of Defendants as true *only* for purposes of this motion. Otherwise, Defendants strongly dispute this allegation.

**COUNT V:** Plaintiff's unjust enrichment claim should be dismissed because it is barred by his express contract with Rasier. In addition, Plaintiff does not allege that *he* conferred a benefit on Defendants, which is a necessary element of his unjust enrichment claim.

**COUNT III:** "Intentional and/or Prima Facie Tort" is not a cause of action under North Carolina law. Furthermore, this claim cobbles together elements from several claims included in Plaintiff's original and Amended Complaints. The Court should not allow Plaintiff to pursue a claim for an undefined and unrecognized tort.

**COUNT VII:** Plaintiff alleges intentional misrepresentation and negligent misrepresentation relating to payment of tips. First, Plaintiff's allegations that Defendants promised his passengers that Defendants would remit tips to Plaintiff is not only implausible, it is false, as shown by Plaintiff's contract with Rasier and the allegations in the Amended Complaint. Furthermore, these misrepresentation claims still are not distinct from Plaintiff's contract claims, as required by North Carolina law. Finally, these claims do not meet Rule 9(b)'s pleading standard because they do not include the requisite detail regarding the alleged misrepresentations; in fact, the Amended Complaint *removes* details regarding the alleged misrepresentations that were included in the original Complaint.

**COUNT VI:** Plaintiff's conversion claim fails to state a claim and should be dismissed because he cannot show he owned the gratuities he seeks. He now includes only conclusory allegations that he owned these tips. These allegations conflict with his

contract with Rasier, and do not meet the pleading standard in *Twombly* and *Iqbal*. Furthermore, he tries to identify the tips he seeks by alleging, without any detail, that he would have received an "industry standard" 15% tip for every ride.

**COUNT II:** Plaintiff alleges that Defendants' misrepresentations regarding tips violated the North Carolina Unfair and Deceptive Trade Practices Act ("State Trade Practices Act"). This claim should be dismissed as pled because the State Trade Practices Act is not intended to cover alleged employment disputes, and Plaintiff alleges he is Defendants' employee. Regardless of any putative employment relationship, this claim should be dismissed because Defendants did not commit any unfair or deceptive trade practices. To the contrary, they followed the Rasier contract to the letter when they did not include tips in Plaintiff's fares received through the Uber App. Finally, should the Court dismiss Count II, Defendants should receive their attorneys' fees associated with responding to this claim because it is frivolous and malicious. The differences between the original and Amended Complaints show that Plaintiff is intentionally vague in his allegations because he knows that Defendants made no alleged misrepresentations regarding tips to him on or after he began his business relationship with Defendants.

Dated: October 31, 2016

/s/ Jerry H. Walters, Jr.
Jerry H. Walters, Jr., N.C. Bar No. 23319
jwalters@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendants*
*Uber Technologies, Inc. and Rasier, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016, I electronically filed the foregoing **Defendants' Partial Motion to Dismiss Plaintiff's First Amended Class Action Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Paul R. Dickinson, Jr.
Lewis & Roberts, PLLC
One SouthPark Center
6060 Piedmont Row Drive South, Suite 140
Charlotte, NC  28287
Email: pauldickinson@lewis-roberts.com

Brittany S. Weiner
Imbesi Law PC
450 Seventh Avenue, Suite 1408
New York, NY  10123
Email: brittany@lawicm.com

Paul B. Maslo
Napoli Law PLLC
360 Lexington Avenue, 11th Floor
New York, NY  10019
Email: pmaslo@napolilaw.com

*Counsel for Plaintiff*

/s/ Jerry H. Walters, Jr.
Jerry H. Walters, Jr., NC Bar No. 23319

*Counsel for Defendants*
*Uber Technologies, Inc. and Rasier, LLC*

Firmwide:143669635.1 073208.1236