IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL HOOD, individually, and on behalf of all others similarly-situated,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, and JOHN DOES I-V,<br><br>    Defendants. | Case No. 1:16-CV-998-CCE-JLW<br><br>**JOINT RESPONSE TO COURT'S ORDER SEEKING ADDITIONAL INFORMATION REGARDING PROPOSED SETTLEMENT** |

   Plaintiff Michael Hood and Defendants Uber Technologies, Inc. and Rasier, LLC (collectively, "Uber") file this joint response to the Court's request for additional settlement-related information in its November 5, 2018 Order. [Dkt. No. 429.] Specifically, this response addresses the following topics: (1) Hood's authority to settle this case on behalf of those individuals who filed written consents to join this action pursuant to 29 U.S.C. § 216(b) and whose claims have not been withdrawn or dismissed (hereafter the "FLSA Class Members"); (2) the one-step settlement approval protocol; (3) the parties' agreement that all FLSA Class Members will be bound by the settlement even if they do not cash their settlement checks; (4) the parties' agreement includes certain affirmative obligations as to the FLSA Class Members; and (5) the logistics for providing copies of the Settlement Agreement to FLSA Class Members. *See id.* at 1-2. The parties appreciate this opportunity to address these topics.

### I. Hood possesses the authority to settle this case on behalf of himself and the FLSA Class Members.

The FLSA Class Members granted Plaintiff Hood the authority to settle this case on their behalf **when they joined this representative action**. The Notice of Opportunity to Opt-In[1], attached as Exhibit 1, makes this clear. For example, Section IV states "you *will be* bound by any settlement or judgment (meaning, the final result of this lawsuit) whether favorable or unfavorable." (emphasis added). Similarly, Section V states "[i]f you elect to join this lawsuit, you *will be* bound by any settlement or judgment in this lawsuit and will not be permitted to file a separate lawsuit for the claims made in this case." (emphasis added). Significantly, the Notice does not provide that FLSA Class Members "may be" or "could be" bound by any settlement; it provides that they "will be" bound. *See also* Consent to Join Action ("I agree to be bound by any adjudication or ruling of the Court, whether favorable or unfavorable."). Finally, FLSA Class Members joined this action as party plaintiffs with full knowledge that (a) Plaintiff Hood filed the case on their behalf; and (b) they would be represented by Napoli Shkolnik PLLC. *See* Notice § II ("Plaintiff filed this action under the FLSA against Uber on behalf of himself *and all current and former drivers . . .*") (emphasis added); *id.* § IV ("Napoli Shkolnik PLLC, your counsel if you choose to opt-in . . ."); *id.* § VII ("If you choose to join this lawsuit, you will be represented by Plaintiff's counsel[.]"); Consent to Join Action ("I further agree to be represented by Napoli Shkolnik PLLC.").

The court in *McClean v. Health Systems, Inc.*, found similar notice sufficient to confer settlement authority on named plaintiffs and their counsel:

---

[1] Notice of this lawsuit and how to opt in to become a FLSA Class Member was provided to eligible individuals by U.S. mail, e-mail, and text message. (*See* Dkt. Nos. 164 & 165).

> In December 2011, the Court conditionally certified a FLSA collective action class which included 18,000 then-current and former employees. These individuals received a Court-approved notice and consent to join form . . . For instance, the subject line of the notice conspicuously stated: "OVERTIME CLAIMS under the Fair Labor Standards Act lawsuit." (Doc. 127–12 at 1). The introduction read: "The purpose of this Notice is to: (i) inform you of the existence of a collective action against Health Systems, Inc. and the facilities it manages (referred to as 'HSI') for overtime compensation alleging violations of the Fair Labor Standards Act ('FLSA') . . . ." *Id.* To join the FLSA collective action, a putative plaintiff had to sign a form that stated: "I . . . hereby consent to be a party plaintiff in the above-captioned lawsuit (or, if due to unforeseen procedural matters, any subsequent related suit), which is an action to recover minimum wage and overtime compensation not paid pursuant to the requirements of the *Fair Labor Standards Act*." (Doc. 168–1) (emphasis added) . . . .
>
> *By joining the lawsuit, the 3,100 FLSA Opt-In Plaintiffs gave FLSA Class Counsel the authority to compromise their FLSA claims*[.]

No. 11-03037-CV-S-DGK, 2014 WL 3907794, at *5 (W.D. Mo. Aug. 11, 2014) (emphasis added).

Moreover, the fact that this is a representative action requires that Plaintiff Hood be allowed to make settlement decisions on behalf of himself and the FLSA Class Members, each of whom made the choice to join this case (in contrast to those who did not join the case). *See, e.g., Morris v. Affinity Health Plan, Inc.*, 558 F. App'x 51, 53 (2d Cir. 2014) ("[An] [FLSA] collective action is a representative action, which its representatives may also settle . . . . [T]he record indicates that the collective action's representatives settled the FLSA claim on behalf of all those who opted-in to the collective action."); *Shepheard v. Aramark Unif. & Career Apparel, LLC*, No. 15-7823-DDC-GEB, 2016 WL 5817074, at *2 (D. Kan. Oct. 5, 2016) ("[A] named plaintiff has no authority to settle claims for plaintiffs *who have not*

3

*opted-in.*") (emphasis added); *Copeland-Stewart v. New York Life Ins. Co.*, No. 8:15-cv-159-T-23AEP, 2016 WL 231237, at *2 (M.D. Fla. Jan. 19, 2016) ("In an FLSA action, unlike in a Rule 23 class action, a named plaintiff can represent others only when they affirmatively opt-in to the case . . . . Thus, before the future opt-in plaintiffs actually opt into this action, Copeland-Stewart has neither the authority to represent the future opt-in plaintiffs nor the authority to settle their FLSA claims.") (quotation marks and citations omitted); *Espanol v. Avis Budget Car Rental, LLC*, No. 8:10-cv-944-T-30AEP, 2011 WL 4947787, at *3 (M.D. Fla. Oct. 18, 2011) ("Plaintiff Bernar Espanol is hereby appointed as the Class Representative to facilitate the negotiations at the scheduled mediation(s) . . . and has the authority to enter into a proposed settlement agreement for all overtime claims that are the subject of this lawsuit on behalf of all plaintiffs who choose to opt-in this action (with any class settlement subject to the Court's approval).").

**II. Because Plaintiff Hood possesses the authority to settle this case on behalf of all FLSA Class Members, a "one step" approval process is appropriate.**

As provided above, Plaintiff Hood possesses the authority to unilaterally settle this case on behalf of everyone who joined it. Indeed, each opt-in Plaintiff expressly agreed to "be bound by any settlement . . . whether favorable or unfavorable." Notice § IV. Unlike class-action settlements under Rule 23, FLSA Class Members do not get the opportunity to object to (or opt out of) the settlement, because the FLSA Class Members in this collective action (unlike absent Rule 23 class members) affirmatively chose to opt in to the case as party plaintiffs in order to have their claims adjudicated and/or settled on their behalf. Thus, their deliberate action in consenting to join the lawsuit, with full knowledge that the named

4

Plaintiff and Plaintiff's counsel would litigate and/or settle the case on their behalf, reflects their authorization to negotiate a settlement on their behalf. See *Day v. NuCO2 Mgmt., LLC*, No. 1:18-cv-02088, 2018 WL 2473472, at *1 (N.D. Ill. May 18, 2018) ("Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions.").

As such, the settlement of this FLSA collective action may be approved in a one-step process, and courts regularly approve similar one-step approval processes in FLSA collective actions. *See, e.g., Knox v. Jones Grp.*, No. 15-cv-1738 SEB-TAB, 2017 WL 3834929, at *2 (S.D. Ind. Aug. 31, 2017) ("A one-step settlement approval process is appropriate. … Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions.") (citations omitted); *see also Furman v. At Home Stores LLC*, No. 2017 WL 1730995, at *1 (N.D. Ill. May 1, 2017) (finding a one-step settlement approval process appropriate for the FLSA collective); *Briggs v. PNC Financial Services Group, Inc.*, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) (same); *Castillo v. Noodles & Co.,* 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016) (same); *Prena v. BMO Fin. Corp.*, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (same). Accordingly, there is no reason to provide pre-approval notice.[2]

---

[2] As indicated in Section V, the Parties are willing to provide a copy of the Settlement Agreement to all FLSA Class Members as part of the Class Counsel Communication if the Court so requires.

**III. It is appropriate to bind FLSA Class Members to the release in the Settlement Agreement even if they do not cash their checks.**

Courts routinely approve settlement agreements that bind all class members to the release of claims, even those who do not receive payments either because they did not file a claim form or because they did not cash their check. *See, e.g.*, *Salinas v. U.S. Xpress Enterprises, Inc.*, No. 113CV00245TRMSKL, 2018 WL 1477127, at *7 (E.D. Tenn. Mar. 8, 2018), *report and recommendation adopted*, No. 1:13-CV-245, 2018 WL 1475610 (E.D. Tenn. Mar. 26, 2018) (approving settlement agreement that provides that plaintiffs who do not cash their checks will still be bound to the release); *Flores v. Alameda Cty. Indus. Inc.*, No. 14-CV03011-JD, 2015 WL 3763605, at *2 (N.D. Cal. June 16, 2015) (wage-and-hour settlement without claims made process, but all class members—even those that do not cash check—release claims); *Cancilla v. Ecolab, Inc.*, No. 12-CV-03001-JD, 2015 WL 4760318, at *2 (N.D. Cal. Aug. 12, 2015) (same); *Trauth v. Spearmint Rhino Companies Worldwide, Inc.,* No., 2012 WL 12893448, at *4 (C.D. Cal. Nov. 7, 2012) (claims made settlement approved where only those who file claims will be paid; all will release claims, and the employer retains reversion). This makes sense—after all, the parties negotiated the terms of a settlement and release in exchange for valuable consideration—and once a contract is negotiated and accepted, pursuant to basic principles of "offer and acceptance" common in any contract, a party cannot void an agreement weeks (or even months) later by the mere act of failing to enjoy the benefit of the consideration received. The Court should find "the provision that settlement members who are provided checks but do not cash them will still be subject to the release of claims to be fair." *Salinas*, 2018 WL 1477127, at *7.

**IV.    Given the nature of the case, the affirmative obligations included in the Settlement Agreement are fair.**

It is common for settlement agreements to impose affirmative obligations on a party. *See, e.g.*, *Ramada Franchise Sys., Inc. v. Jai Shyam, Inc.*, 111 F. App'x 97, 98 (3d Cir. 2004) ("The District Court's summary judgment ruling was based on its determination that the terms of the Settlement Agreement were unambiguous, and required JSI to secure and operate under a contract for management services in order to enter into a new license agreement with RFS. JSI's failure to do so in a timely fashion resulted in a breach of the Settlement Agreement."). Settlement agreements are governed by contract law principles, and there is no question that contracts can affirmatively require a contracting party to take some action. *See Pope v. Blue Ridge Elec. Membership Corp.,* No. 5:11CV185-RLV, 2013 WL 1728011, at *3 (W.D.N.C. Apr. 22, 2013).

The obligations to be undertaken by the FLSA Class Members in the Settlement Agreement are fair given the facts and procedural history of this case. For example, for FLSA Class Members whose driver accounts were previously deactivated for reasons allowed under the applicable Technology Services Agreement, it is reasonable for the parties to agree, in resolving this action regarding their prior status on terms that include the payment of financial consideration to the FLSA Class Members, to eliminate the possibility of future disputes as to their status by agreeing not to contract with one another going forward. In the employment-litigation context, such "no rehire" provisions are commonplace. Similarly, for FLSA Class Members with active driver accounts, the agreement does not require them to terminate their relationship with Uber (as some

7

employment litigation settlements have done in other contexts). Rather, the agreement preserves the right of these FLSA Class Members to retain their active accounts, as well as their right to challenge their status as independent contractors going forward (as long as they do so in individual arbitration). This is a lawful contractual term. *Epic Systems Corp. v. Lewis*, 584 U.S. __ (2018). The contract terms negotiated between the parties during their arms-length and mediator-facilitated settlement negotiations are reasonable and appropriate.

**V.     The Court may order the parties to provide copies of the Settlement Agreement to FLSA Class Members.**

The Settlement Agreement requires the third-party administrator to send notice (*i.e.*, the Class Counsel Communication) to all FLSA Class Members via electronic mail and U.S. Mail, and to send a copy of the Court's approval order via electronic mail. Settlement Agreement §§ 3.3 & 3.4. As drafted, the Class Counsel Communication contemplates that the FLSA Class Members will receive a copy of the Settlement Agreement only if requested. The purpose of this provision was to minimize postal expenses (since the agreement itself is 26 pages, and 158 pages if all exhibits are included). However, following entry of the Court's November 5, 2018 Order, the parties met and conferred and agree that if the Court enters the Approval Order as an Order of Court: (a) the Settlement Administrator will maintain a copy of the agreement on a password-protected website through the deadline for cashing settlement checks; and (b) the Class Counsel Communication mailed to the FLSA Class Members will include a URL to that website (along with the password) so that FLSA Class Members can easily obtain a copy of the agreement online.

## VI. Conclusion

The Settlement Agreement satisfies all of the criteria for final approval under federal law and is fair, reasonable, and adequate. Accordingly, the Parties request that the Court enter the proposed approval order that was submitted with Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice as an Order of Court, approving the settlement and dismissing the Civil Action with prejudice.

Dated: November 21, 2018.

Respectfully submitted,

| | |
|---|---|
| /s/ Paul B. Maslo | /s/ Robert W. Pritchard |
| Paul B. Maslo (admitted *pro hac vice*) | Robert W. Pritchard (by special appearance) |
| NAPOLI SHKOLNIK PLLC | PA Bar No. 76979 |
| 360 Lexington Avenue, 11th Floor | rpritchard@littler.com |
| New York, New York 10017 | LITTLER MENDELSON, P.C. |
| Telephone: (212) 397-1000 | 625 Liberty Avenue, 26th Floor |
| Facsimile: (646) 843-7603 | Pittsburgh, Pennsylvania 15222 |
| Email: pmaslo@napolilaw.com | Telephone: 412.201.7628 |
| | Facsimile: 412.774.1957 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| | *Uber Technologies, Inc. and Rasier, LLC* |

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 21, 2018, he electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

*/s/ Paul B. Maslo*
