IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL HOOD, individually, and on behalf of all others similarly situated,

    Plaintiffs,

v.

UBER TECHNOLOGIES, INC., RASIER, LLC, AND JOHN DOES I-V,

    Defendants.

1:16-CV-998

## ORDER AND JUDGMENT

Before the Court is an unopposed motion by Michael Hood, class representative and named plaintiff, for entry of an order approving the proposed settlement and dismissing this Fair Labor Standards Act collective action with prejudice. For good cause shown, and as more fully explained in an opinion the Court will file as time permits, the motion is **GRANTED**, with modifications agreed to by the parties.

For purposes of this Order and Judgment, all capitalized terms in this Order have the same meaning as in the Agreement, Doc. 425-2 at 2–27, that was attached to Mr. Hood's unopposed motion for settlement approval, Doc. 424.

The Court **FINDS, ORDERS, and ADJUDGES** that:

A.    This Order shall constitute the Approval Order referenced in paragraph 1.12 of the Agreement. Doc. 425-2 at 3.

B.    The Court has jurisdiction over the claims asserted in this matter and over the parties to this matter.

C. By filing written consents to join this collective action, the FLSA Class Members (1) provided Mr. Hood (as FLSA Class Representative) and Class Counsel with apparent authority to negotiate and execute a settlement of any and all claims they may have against Uber Technologies, Inc. and Rasier, LLC, subject to a review for fairness by the Court; and (2) consented and agreed to be bound by any judgment of the Court or any settlement of this matter that the Court reviews and determines to be fair and reasonable.

D. The Court has reviewed the Agreement, Doc. 425-2 at 2–27. For the reasons stated in the order issued concurrently with this Order, the Court finds the Agreement is adequate, fair, and reasonable, that it is in the best interests of the Parties and the FLSA Class Members, and that it should be and hereby is approved. Likewise, the determination of the individual payments as set forth in paragraphs 1.15(a), (f) and 3.4 of the Agreement, *id.* at 5–7, 10, and its accompanying Exhibit A, *id.* at 28–131, is approved as a fair, equitable, and reasonable allocation of the Maximum Gross Settlement Amount. Accordingly, the Agreement is hereby approved in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and it shall be administered according to its terms.

E. The Court certifies Mr. Hood as the FLSA Class Representative and Class Counsel as counsel for the FLSA Class Members, finds they are authorized to execute this settlement on behalf of the FLSA Class Members, and approves the Agreement on behalf of the FLSA Class Members.

F. The Court awards the Named Plaintiff Mr. Hood a Service Payment Allocation of $5,000 in recognition of his services as FLSA Class Representative on

2

Case 1:16-cv-00998-CCE-JLW   Document 435   Filed 12/28/18   Page 2 of 4

behalf of the FLSA Class Members in this action, to be paid out of the Maximum Gross Settlement Amount.

G.     The Court grants Class Counsel's request for an Attorney's Fees Payment of $434,750 and an Attorney's Expenses Payment of $90,205.26, to be paid out of the Maximum Gross Settlement Amount.  The Court finds these amounts are appropriate for the reasons states in the order issued concurrently with this Order.

H.     Mr. Hood and all FLSA Class Members hereby irrevocably and unconditionally, forever and fully, release Defendants and all Released Parties from any and all Released Claims.  FLSA Class Members are hereby enjoined from prosecuting any Released Claims against any Defendants or Released Parties.

I.     This Order and the Agreement are binding on Mr. Hood and all FLSA Class Members and Defendants.

J.     Class Counsel shall amend the proposed Class Counsel Communication, Doc. 425-2 at 137, to include the URL for a website that maintains a copy of the agreement and its exhibits as agreed by the parties in the supplemental briefing, Doc. 430 at 8.  The amended Class Counsel Communication shall also notify class members of ways to access the website and that the "settlement agreement includes affirmative obligations that you must follow even if you decide not to cash the settlement check you have received."

K.     Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the amended complaint, Doc. 15, is hereby **DISMISSED** in its entirety, on the merits, and

3

**WITH PREJUDICE**, without costs to any party, except to the extent otherwise expressly provided in the Agreement.

This the 28th day of December, 2018.

_____
UNITED STATES DISTRICT JUDGE